IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RANDY SMITH,<br>    Plaintiff,<br><br>  v.<br><br>OFFICER DAVID FRITSCHE, *et al.*<br>    Defendants. | :<br>:<br>:<br>: Civil No.: 5:25-cv-05743-JMG<br>:<br>:<br>: |

**MEMORANDUM OPINION**

**Gallagher, J.**                            **January 30th, 2026**

  Plaintiff Randy Smith ("Plaintiff") alleges that Defendants Officers Fritsche, Funk, and McCabe (collectively "Defendants") used excessive force and conspired to deprive him of his Fourth Amendment right to be free from unlawful seizure when they apprehended Plaintiff at a traffic stop. Plaintiff has brought claims against Defendants under 42 U.S.C. § 1983, alleging excessive force, and conspiracy. Defendants move to dismiss the Complaint. Defendants' Motion is denied in part and granted in part.

**I.  BACKGROUND**

  On February 19, 2025, Defendants Fritsche and Funk conducted a traffic stop of the Plaintiff in Breinigsville, Pennsylvania, near Bridgeton Road and Colebrook Drive, based on an alleged wide right turn. ECF No. 1-1 ¶¶ 7–8. During the interaction, Defendant Fritsche observed a prescription pill bottle within the vehicle while the Plaintiff was obtaining his driver's license. *Id.* ¶ 9. Defendant Fritsche then returned to his patrol vehicle to check the Plaintiff's license, during which time the Plaintiff remained in his car with the door closed. *Id.* ¶ 10. Upon returning to the

car, Defendant Fritsche opened the door and gripped the Plaintiff's left arm with both hands to remove him from the vehicle, while the Plaintiff's seatbelt was still buckled. *Id.* ¶ 11.

When the Plaintiff inquired about the situation, Defendant Fritsche drew his taser, placed it against the Plaintiff's face, and threatened to tase him. *Id.* ¶ 12. Plaintiff requested to unbuckle his seatbelt, and after doing so, was pulled from the vehicle by his left arm by Defendant Fritsche. *Id.* ¶ 14. Additional officers, including Defendant McCabe, subsequently arrived at the scene. *Id.* ¶ 15. After the Plaintiff was out of the car, Defendants Fritsche, Funk, and/or McCabe placed him against the vehicle, moved his arms back, and held his head and neck down, while stating they would break his arms if he moved. *Id.* ¶¶ 16–17. Plaintiff alleges that he was compliant and did not offer physical resistance during after being pulled from the car. *Id.* ¶ 18.

As a result of this incident, the Plaintiff was treated for a wrist injury and two fractured ribs. *Id.* ¶ 19. His medical treatment included a recommendation for physical therapy and pain management. *Id.* ¶ 20. Plaintiff alleges that despite following his treatment plan, he continues to experience physical pain that affects his daily activities, along with mental and emotional distress. *Id.* ¶¶ 21–22.

Plaintiffs filed suit on October 6, 2025. *See generally id*. On December 15, 2025, Defendants filed the pending Motion to Dismiss, and Plaintiffs filed their Response in Opposition on December 29, 2025. ECF Nos. 10, 11.

## II.   LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "Although the plausibility standard does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotations and citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (2009) (citing *Twombly*, 550 U.S. at 555). A court is "not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Wheeler v. Wheeler*, 639 F. App'x 147, 149 (3d Cir. 2016) (quoting *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013)).

### III.  DISCUSSION

#### a.  Qualified Immunity Defense

Defendants argue that they are entitled to qualified immunity. "'[T]he qualified-immunity defense shields government agents from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Boyden v. Twp. of Upper Darby*, 5 F. Supp. 3d 731, 736 (E.D. Pa. 2014) (quoting *Behrens v. Pelletier,* 516 U.S. 299, 305 (1996)). Qualified immunity shields officials from suit itself, not merely from liability, and the Supreme Court has repeatedly emphasized that questions of immunity should be resolved at the earliest possible stage of litigation. *See id.*; *see also Pearson v. Callahan,* 555 U.S. 223, 231 (2009).

However, the Third Circuit has found that "it is generally unwise to venture into a qualified immunity analysis at the pleading stage as it is necessary to develop the factual record in the vast majority of cases." *Boyden,* 5 F. Supp. 3d at 736 (citing *Newland v. Reehorst,* 328 F. App'x. 788, 791 n. 3 (3d Cir. 2009)). The "fact-intensive nature of qualified immunity makes it often a bad fit

3

for Rule 12(b)(6)." *Stringer v. Cnty. of Bucks*, 141 F.4th 76, 87 (3d Cir. 2025) (citations omitted). Thus, "because a qualified immunity defense so closely depends on the facts of the case, a complaint is generally not dismissed under Rule 12(b)(6) on qualified immunity grounds . . . but rather at summary judgment." *Id.* (citations omitted).

Thus, this Court will not address the merits of a qualified immunity defense at this stage of the litigation.[1]

### b.  Plaintiff Has Adequately Stated a Claim for Relief Against Defendants

Defendants argue that individual liability under § 1983 requires an "affirmative link" between each defendant's conduct and the alleged constitutional violation, as well as personal involvement in the deprivation of Plaintiff's rights. ECF No. 10-3 at 6. They contend that Plaintiff fails to plead the Defendants' personal involvement with sufficient particularity and therefore has not stated a claim against them. Plaintiff responds that the Complaint alleges that Officers Fritsche, Funk, and/or McCabe slammed him against his vehicle, forced his arms behind his back, and pressed his head and neck down onto the car. Plaintiff explains that the conduct is pleaded in the alternative because the Defendants were positioned behind him, preventing him from seeing which officer committed each specific act, and that this does not render the allegations vague or conclusory. ECF No. 11 at 5. The Court agrees. The Complaint sufficiently alleges the personal involvement of each of the Defendants. The fact that Plaintiff does not presently know which

---

[1] Were the Court to evaluate qualified immunity at this juncture, Defendants would not meet their burden of establishing that the alleged use of excessive force, accepted as true, did not violate a federal right or that the right was not clearly established at the time of the violation. *See e.g. Hope v. Pelzer*, 536 U.S. 730, 739 (2002).

defendant slammed him against the car, forced his arms behind his back, or pressed his head and neck down onto the vehicle does not render the allegations inadequately pleaded. Plaintiff alleges that each of the Defendants participated in the use of force, and discovery will permit Plaintiff to determine the specific actions taken by each defendant.

### c. Plaintiff's Claim for Conspiracy (Count II) is Dismissed

To state a claim for conspiracy under § 1983, a plaintiff must plausibly allege "(1) the existence of a conspiracy involving state action; and (2) a deprivation of civil rights in furtherance of the conspiracy by a party to the conspiracy." *Gaskins v. City of Philadelphia*, No. 2:25-CV-01187, 2025 WL 2857498, at *8 (E.D. Pa. Oct. 8, 2025) (citing *Oliver v. City of Philadelphia*, No. CV 25-197, 2025 WL 1902298, at *9 (E.D. Pa. July 9, 2025)). This standard requires factual allegations showing an agreement or meeting of the minds to violate the plaintiff's constitutional rights, including the "how, why, or when" of the alleged conspiracy. *See id.*

Plaintiff fails to meet this standard. The Complaint does not allege any facts describing how the alleged conspiracy was formed, why Defendants purportedly agreed to violate Plaintiff's rights, or when such an agreement occurred. Instead, Plaintiff offers only the conclusory assertion that "Defendants Fritsche, Funk, and McCabe conspired to deprive Plaintiff of his Fourth Amendment right to be free from unlawful seizure, including the use of excessive force." ECF No. 1 ¶ 29. Such a bare and conclusory allegation is insufficient to plausibly allege the existence of an agreement or meeting of the minds. Accordingly, Plaintiff's § 1983 conspiracy claim must be dismissed.

However, in the Third Circuit it is a well-accepted principle that "in civil rights cases district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." *Fletcher-Harlee*

*Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007); *Mullin v. Balicki,* 875 F.3d 140, 151 (3d Cir. 2017). Therefore, Plaintiff will be granted leave to amend the Complaint as to Count II.

### d. Plaintiff Punitive Damages Claims Against Defendants Survives

"'A jury may be permitted to assess punitive damages in an action under § 1983 when the defendant's conduct is shown to be motivated by evil motive or intent or when it involves reckless or callous indifference to the federally protected rights of others.'" *Smith v. McKinney*, No. 2:22-CV-02983-JDW, 2023 WL 6543531, at *11 (E.D. Pa. Oct. 6, 2023) (citing *Smith v. Wade*, 461 U.S. 30, 56 1983)). The standard is disjunctive, such that a jury may award punitive damages upon finding that the defendants acted, "at a minimum, reckless or callous." *Id.* (citation omitted). Defendants argue that Plaintiff's request for Punitive Damages must be dismissed because Plaintiff's Complaint fails to allege any action by Defendants showing extreme and outrageous behavior. ECF No. 10-3 at p. 12. Taking all allegations in Plaintiff's Complaint as true, a jury could find that Defendants threatening to tase Plaintiff, threatening to break his arms, and using enough force to fracture his ribs during a routine traffic stop, rises to the level of acting recklessly or callously. *See Smith*, 2023 WL 6543531, at *11(finding punitive damages to be a jury question where officers used profane and disparaging language during the stop and arrest, ignored plaintiffs complaints of pain, and the video evidence could support a finding of anger, malicious motive, or reckless disregard for his right to be free from excessive force). Thus, this Court will not dismiss Plaintiff's request for punitive damages.

### IV.   CONCLUSION

For the foregoing reasons, Defendants Motion to Dismiss (ECF No. 10) is denied in part and granted in part. An appropriate order follows.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge